IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

LAURIE SMITH,

    Plaintiff,

v.   No. 1:21-cv-01076-JDB-jay

STATE FARM FIRE AND CASUALTY
COMPANY,

    Defendant.

___

ORDER OVERRULING OBJECTIONS OF THE DEFENDANT AND AFFIRMING ORDER
OF MAGISTRATE JUDGE
___

According to her amended complaint, the Plaintiff, Laurie Smith, owned certain property located at 3531 Bethel Church Road in Camden, Tennessee, which was insured by a policy issued by the Defendant, State Farm Fire and Casualty Company ("State Farm").  On March 3, 2020, the subject property was damaged by a storm, resulting in loss to the Plaintiff.  Smith filed a claim under the policy.  Although State Farm made some payment on the loss, Smith considered it to be insufficient to cover the damage incurred.  Thus, she invoked the policy's appraisal clause, which permitted the insured or insurer to "demand that the amount of the loss be set by appraisal," the procedure for which was set out in the policy.  (*See* Docket Entry ("D.E.") 30 at PageID 267.)  Defendant denied the demand and this breach of contract and bad faith action under Tennessee law ensued.

On July 13, 2021, Smith moved to compel an appraisal (D.E. 16), which was referred to the magistrate judge for determination (D.E. 17).  In an order entered October 27, 2021, Magistrate Judge Jon A. York granted the motion (D.E. 38) and, on November 10, 2021, State Farm appealed

the determination to the undersigned (D.E. 40), to which Plaintiff responded (D.E. 43).  For the reasons articulated herein, the order of the magistrate judge is AFFIRMED.

Title 28 U.S.C. § 636(b)(1)(A) permits a district judge to designate a magistrate judge to hear, with certain exceptions not relevant here, and determine pretrial matters before the court.  28 U.S.C. § 636(b)(1)(A).  The statute further allows the district judge to "reconsider" the magistrate judge's decision "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  *Id.*  Similarly, Rule 72(a) of the Federal Rules of Civil Procedure, implementing § 636(b)(1)(A), instructs the presiding judge to "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *see also* LR 72(g)(1) ("The presiding district judge may reconsider any order determining a pretrial matter where it has been shown that the magistrate judge['s] order is clearly erroneous or contrary to law."); *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019), *reh'g en banc denied* (Nov. 14, 2019).  A magistrate judge's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Anderson v. City of Bessemer City, N. Carolina*, 470 U.S. 564, 573 (1985); *see also United States v. Prigmore*, 15 F.4th 768, 776 (6th Cir. 2021).  His "order is 'contrary to the law' when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Bisig*, 940 F.3d at 219.  The clearly erroneous or contrary to law standard requires the court to "review findings of fact for clear error and to review matters of law de novo."  *Id.*

The parties appear to be in agreement that the policy's appraisal clause has two prerequisites:  (1) a disagreement concerning the amount of loss and (2) a written demand for appraisal.  It was Plaintiff's position in the underlying motion that both had been satisfied.  State

Farm sought denial of the appraisal demand on the grounds that the parties' disagreement went beyond the "amount of loss" to include a difference of opinion as to the scope of the work to be performed.  Specifically, Defendant maintained that Smith was attempting to obtain payment for remediation of areas of her property not damaged by the storm, including the replacement of plumbing fixtures in the bathroom and kitchen and new water heater, furnace, and heat pump.  Resolution of a dispute relating to the scope of the work or coverage provided by the insurance contract could not, State Farm insisted, form a proper basis for an appraisal under the policy provision.  In the alternative, if the Court found appraisal appropriate, Defendant requested that the appraisal be limited to the scope of work prepared by the insurer which outlined the coverage available in the i claim.

In his order, Judge York, applying Tennessee law, adopted the reasoning set forth in an unpublished opinion penned by United States District Judge Curtis L. Collier of the Eastern District of Tennessee at Knoxville in *Kush Enterprises, LLC v. Massachusetts Bay Insurance Co.*, No. 3:18-CV-492 (E.D. Tenn.), which was relied upon by Plaintiff and attached as an exhibit to her motion.  (*See* D.E. 16-4.)  Like Smith, the plaintiff in *Kush* claimed there was residual damage to the insured property while the insurer argued there was no additional covered loss because there was no residual damage.  (*Id.* at PageID 92.)  Judge Collier concluded that

> [b]y contesting whether there is additional covered loss, . . . [d]efendant necessarily disagrees with [p]laintiff that the total amount of loss [p]laintiff incurred includes any additional loss.  The plain language of the provision allows either party to demand appraisal when there is a disagreement on the amount of loss.  As a result, the [c]ourt finds the provision is applicable and can be enforced by this [c]ourt.

(*Id.* at PageID 92-93.)   Based on *Kush*, Judge York ruled that, "as Defendant is contesting Plaintiff's assertion that additional loss should be covered, the total amount of loss is in dispute.

Therefore, the Court finds that . . . appraisal is appropriate." (D.E. 38 at PageID 362.)  He noted, however, that the appraisal provision

> does not allow the appraisers to make final determinations on the causation, scope, or liability under the policy, just the amount of the loss.  In such a case, a Defendant can still dispute those issues after the appraisal i[s] complete.  If the parties disagree on the issues after the appraisal process, the court will decide them.

(*Id.* at 363 (internal quotation marks omitted).)

According to its appeal brief now before the undersigned, State Farm's challenge to the magistrate judge's order focuses on the "legal interpretation of the phrase 'amount of loss.'" (D.E. 41 at PageID 375.)  To that end, the insurer first acknowledges that *Kush* compelled an appraisal proceeding but asserts that other courts in the Eastern District of Tennessee have denied motions for such relief,[1] citing to *Battles, Inc. v. Nationwide General Insurance Company*, No. 3:19-CV-13-DML-DCP, 2020 WL 6365513 (E.D. Tenn. Mar. 10, 2020).

*Battles* had its origins in the wildfires that swept through Gatlinburg, Tennessee, in November of 2016.  *Battles*, 2020 WL 6365513, at *1.  After its insurance carrier refused to pay Battles' claim for ash and soot damage to its commercial property or to honor its appraisal demand permitted under the insurance policy, a breach of contract action was initiated.  *Id.* at **1-2.  During the pendency of the suit, the plaintiff moved to compel the insurer to participate in the appraisal process.  *Id.* at *2.

---

[1] Counsel advises the Court that "State Farm was unable to find any cases in the *Middle District* of Tennessee compelling an appraisal, and at best what the authority in the Eastern District of Tennessee reveals is that some cases have compelled appraisal and others have not." (D.E. 41 at PageID 377.)  Of course, this Court lies neither in the Eastern nor the Middle District of Tennessee.  Indeed, it appears to the Court that portions of the brief may have been cut and pasted from other briefs prepared by Defendant's counsel.  Specifically, in the instant filing, State Farm makes multiple references to "the Harpers" but there does not appear to be any party in this case by that name.  While counsel are not expected to reinvent the wheel with every brief, they are admonished to ensure their submissions are tailored to the case at hand.

United States Magistrate Judge Debra C. Poplin of the Eastern District denied the motion, finding it procedurally flawed. *Id.* at \*\*4-5. In her analysis, she noted that some courts around the country had ruled on the merits of motions to compel an appraisal but that these courts did not "discuss the proper way to bring such issues to the [c]ourt." *Id.* at \*5. Following the lead of her colleague Eastern District Judge Ronnie Greer in an unpublished opinion in *Morrison v. Harleysville Worcester Insurance Company*, No. 3:19-CV-00011-JRG-DCP (E.D. Tenn.) (*see* D.E. 41-7), the *Battles* court "decline[d] to rule on the merits of the motion [to compel appraisal] without a proper dispositive motion" such as a motion for summary judgment. *Id.* at \*\*4-6.

However, State Farm did not argue before Judge York that Smith's motion to compel an appraisal suffered a procedural flaw. The Sixth Circuit has observed that the Magistrate Judge Act, "absent compelling reasons, . . . does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate" judge. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Failure to do so constitutes waiver. *See id.*; *see also United States v. Bolos*, 2:18-CR-140, 2021 WL 4928980, at \*2 (E.D. Tenn. Oct. 21, 2021) ("A party waives an argument on appeal to the district court when the party did not raise it before the magistrate judge."); *Craig-Wood v. Time Warner N.Y. Cable LLC*, No. 2:10-cv-906, 2012 WL 346686, at \*2 (S.D. Ohio Feb. 2, 2012) ("A party's failure to raise an issue before the magistrate [judge] constitutes waiver."). State Farm has offered no compelling reasons for not raising this issue to the magistrate judge in order that he might consider it. Accordingly, the argument is waived.

The Court interprets State Farm's next challenge to be that application of the appraisal clause to a scope of loss controversy, as found in *Kush* and adopted by Judge York, is somehow

subject to a different standard if the "additional loss" is a large one, such as an alleged total loss. Defendant offers no caselaw in support of such a position, however.

It further suggests that application of the appraisal clause to a total loss is a legal question preliminary to initiation of the appraisal process. Again, this issue was not specifically raised before the magistrate judge and no compelling reasons for not doing so have been provided. Therefore, this assertion too is waived. *See Murr*, 200 F.3d at 902 n.1.

As the Defendant's objections to Judge York's order have either been waived or are entirely unsupported, it has failed to establish that his determination was clearly erroneous or contrary to law. *See United States v. Glatz*, No. 3:19-CR-218-TAV-DCP-1, 2021 WL 4943056, at *4 (E.D. Tenn. Oct. 22, 2021) (the party objecting to a magistrate judge's order bears the burden of showing the decision was clearly erroneous or contrary to law); *see also Craig-Wood*, 2012 WL 346686, at *3 (district court denied motion to reconsider order of the magistrate judge where argument contained in motion to reconsider had been waived for failure to present assertion to the magistrate judge). Therefore, Defendant's objections to Judge York's order are OVERRULED.

State Farm requests in its appeal brief that, if its objections are overruled by the Court, it be allowed to challenge the grounds of any appraisal award to the extent the appraisers exceeded their authority. As the Court reads Judge York's order, it permitted Defendant to dispute any issues decided by the appraisers outside their authority. Consequently, State Farm's request here appears to be moot.

IT IS SO ORDERED this 15th day of December 2021.

                                             s/ J. DANIEL BREEN
                                             UNITED STATES DISTRICT JUDGE